# EXHIBIT 1

SPS



**COMMONWEALTH OF VIRGINIA
CIRCUIT COURT OF FAIRFAX
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)**

**Atricia A Slaughter vs. MySalonSuites**

**CASE NUMBER: CL-2025-0018128**

TO:   **MySalonSuites
3348 West Esplanade
Metairie LA 70002**

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on December 2, 2025.

CHRISTOPHER J. FALCON, CLERK

By: _____
Deputy Clerk

**Plaintiff's Attorney:  Pro Se**

SPS

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX
## PROOF OF SERVICE

**Atricia A Slaughter vs. MySalonSuites**

**CASE NUMBER:** CL-2025-0018128
**DOC TYPE:** Complaint/Summons

**SERVE:** MySalonSuites

STATE OF _____

CITY/COUNTY OF _____, to wit:

This day _____ personally appeared before the undersigned Notary Public in and for the City/County and State aforesaid, and, having been first duly sworn according to law, deposes and states as follows: that he/she is not a party to, or otherwise interested in, the subject matter in controversy in the within cause, that he/she is over the age of 18 years; that on the ____ day of _____, 20___, at _____ o'clock ____.m. he/she served the within Complaint, in person, on the Defendant _____ at _____ _____ and the Defendant is / is not a resident of the State of Virginia.

_Atricia A Slaughter_  _Pro-se_
AFFIANT                 TITLE

Subscribed and sworn to before me in my City/County and State aforesaid, this 3rd day of December, 2025.

_[signature]_
NOTARY PUBLIC

Notary ID #: 7994882

My Commission expires: 10-31-2026

ZAYNAB DINIA
NOTARY PUBLIC
COMMISSION NUMBER 7994882
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 10/31/2026

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
CIVIL INTAKE

2025 DEC -1 PM 2: 25

CHRISTOPHER J. FALCON
CLERK, CIRCUIT COURT
FAIRFAX, VA

PLAINTIFFS: ATRICIA A. SLAUGHTER

vs

DEFENDANT: MYSALONSUITES

2025 18128

Complaint

I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. §§ 1981, 1982, and 2000a.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this judicial district.

Plaintiff is an African American tenant and business operator who leased a salon suite from the Defendants. Defendants' acts of racial discrimination and harassment occurred in this District.

II. PARTIES

Plaintiff, Atricia A Slaughter, is an African American woman and a longtime tenant operating a beauty business at the Salon Plaza premises.

Defendant My Salon Suite, LLC ("My Salon") is a private corporation and successor to Salon Plaza, operating a place of public accommodation as defined by 42 U.S.C. § 2000a(b)(3).

Defendant Tammie Woodman McNelis was at all relevant times the District Manager acting on behalf of My Salon Suite, with supervisory and decision-making authority.

Defendant MYSALONSUITES, Owners are individuals or entities who control or manage My Salon Suite and are responsible for its discriminatory policies and practices.

### III. FACTUAL ALLEGATIONS

Plaintiff was a tenant at Salon Plaza for approximately ten (10) years before it was sold to My Salon Suite.

In November 2022, the new owners conducted a walk-through inspection. Plaintiff's kiosk displayed African American photographs reflecting her cultural identity and clientele.

Shortly thereafter, Plaintiff returned to find that her photos had been removed and thrown under her door, leaving her kiosk empty. No other tenant displays or décor were disturbed.

When Plaintiff asked the new District Manager, Tammie, why her photos were removed, Tammie Woodman McNelis stated: "The owners are making changes."

Plaintiff observed that no such "changes" were made to other stylists' kiosks—only hers, the only one featuring African American imagery.

Plaintiff realleges and incorporates the preceding paragraphs.

42 U.S.C. § 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens.

Defendants intentionally interfered with Plaintiff's right to enjoy and continue her lease contract free from racial discrimination.

The removal of her photos, unequal enforcement of signage rules, and discriminatory eviction were acts of intentional racial bias, violating § 1981.

Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's federally protected rights.

## COUNT II – VIOLATION OF 42 U.S.C. § 1982 (PROPERTY RIGHTS)

Plaintiff realleges and incorporates the preceding paragraphs.

Under § 1982, all citizens have the same right as white citizens to lease, hold, and enjoy real property.

Defendants interfered with Plaintiff's right to enjoy her leased property on equal terms through harassment, selective enforcement, and eventual eviction motivated by race.

## COUNT III – VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000a)

Plaintiff documented this selective removal by taking photographs.

Over subsequent months, Plaintiff experienced escalating harassment and disparate treatment by Tammie Woodman McNelis.

When Plaintiff complained about unsanitary conditions in the bathrooms (including urine on the floor), Tammie Woodman McNelis told her she "could have wiped it up" herself and that the cleaning "cost $125."

Tammie Woodman McNelis also removed Plaintiff's help wanted sign from her door, while leaving identical signage on another tenant's Suong Lam ("Sue") door untouched.

When Plaintiff inquired why her sign was removed but Sue's was not, she received no valid explanation.

In August 2023, another tenant, Shawn Carter, posted an advertisement for "Back-to-School Specials." Plaintiff created a similar flyer and attached it to her own door.

Tammie ordered Plaintiff—but not Shawn Carter—to remove her flyer. When Plaintiff sought clarification, Shawn Carter said: "Just remove it when Tammie comes Tuesday."

Plaintiff complied and removed the sign.

On August 22, 2023, Tammie entered Plaintiff's suite without knocking, interrupting a client session, and sarcastically said, "Thanks for removing the sign."

Tammie repeatedly entered Plaintiff's suite uninvited, disrupting her work and creating a hostile environment.

On September 12, 2023, Tammie entered Plaintiff's suite again—this time yelling in the hallway, "YOU HAVE TEN DAYS TO GET OUT!" while handing Plaintiff an eviction notice.

In front of other tenants and clients, Tammie declared, "You no longer fit in at Salon Plaza."

Tammie further called Plaintiff an "angry Black woman."

Other non-Black tenants who posted flyers, signs, or décor were never told they "no longer fit in" or given eviction notices.

Defendants' conduct was racially motivated, intended to humiliate, harass, and remove Plaintiff because of her race and cultural expression.

As a result, Plaintiff suffered emotional distress, reputational harm, and economic damages including loss of clientele and business opportunity.

IV. CAUSES OF ACTION

COUNT I – VIOLATION OF 42 U.S.C. § 1981 (RACE DISCRIMINATION IN CONTRACTS)

Plaintiff realleges and incorporates the preceding paragraphs.

Defendants' salon premises constitute a place of public accommodation under § 2000a(b)(3), providing services to the public.

Defendants denied Plaintiff the full and equal enjoyment of services and facilities because of her race, in violation of Title II.

### V. DAMAGES

Plaintiff has suffered emotional distress, humiliation, and loss of business reputation.

Plaintiff lost clients and income due to Defendants' discriminatory conduct.

Plaintiff seeks compensatory and punitive damages under 42 U.S.C. §§ 1981 and 1982, as well as injunctive relief under 42 U.S.C. § 2000a-3(a).

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award compensatory and punitive damages;

c. Issue injunctive relief prohibiting further racial discrimination by Defendants;

d. Award costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e. Grant such other and further relief as the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: November 17, 2025

Atricia A. Slaughter

2323 Dulles Station Blvd 338

Herndon, VA 20171

571-330-4045

Heyidohair@aol.com

Pro Se Plaintiff

*Destyne E Mays*
*11/17/2025*

DESTYNE ELESE MAYS
Notary Public
Commonwealth of Virginia
Registration No. 00384303
My Commission Expires Apr 30, 2029

VERIFICATION

I, Atricia A Slaughter, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: November 17, 2025
Signature: _____

Atricia A Slaughter, Pro Se Plaintiff

**VIRGINIA: IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

Atricia A. Slaughter
_____
Plaintiff

vs.

Civil Action No. CL **2025 18128**

MySalon Suite
_____
Defendant

Previous Chancery No. CH ___

SERVE:

## FRIDAY MOTIONS DAY – PRAECIPE/NOTICE

Moving Party: [✓] Plaintiff  [ ] Defendant  [ ] Other

Title of Motion: Racial Discrimination Landlord/Tenant  [ ] Attached  [✓] Previously Filed

DATE TO BE HEARD: Jan 9, 2026   Time Estimate (combined no more than 30 minutes): 30 min

Time to be Heard: [✓] 9:00 a.m. with a Judge

[ ] 10:00 a.m. (Civil Action Cases) Does this motion require 2 weeks notice? [ ] Yes [✓] No

[ ] 11:30 a.m. (DOMESTIC/Family Law Cases) Does this motion require 2 weeks notice? [ ] Yes [ ] No

Case continued from: _____ (Date)   continued to: _____ (Date)

Judge _____ must hear this motion because (check one reason below):

[ ] The matter is on the docket for presentation of an order reflecting a specific ruling previously made by that Judge.
[ ] This Judge has been assigned to this entire case by the Chief Judge; or,
[ ] The Judge has advised counsel that all future motions, or this specific motion, should be placed on this Judge's Docket; or,
[ ] This matter concerns a demurrer filed in a case where that Judge previously granted a demurrer in favor of demurrant.

PRAECIPE by: _____
Printed Attorney Name/ Moving Party Name: Atricia A. Slaughter
Address: 2323 Dulles St Blvd, 528, Herndon VA 20171
Firm Name: Pro Se

Tel. No. 5713304045   Fax No. ____   VSB No. ____   E-Mail Address ____

### CERTIFICATIONS

I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action, pursuant to Rule 4:15(b) of the Rules of the Supreme Court of Virginia; and, I have read, and complied with, each of the Instructions for Moving Party on the reverse side of this form.

_____
Moving Party/Counsel of Record

### CERTIFICATE OF SERVICE

I certify on the ____ day of _____, _____, a true copy of the foregoing Praecipe was

[ ] mailed [ ] faxed [ ] delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

_____
Moving Party/Counsel of Record

CCR-E-10 (July 2021)