IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ATRICIA A. SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>MY SALON SUITES,<br><br>Defendant. | Case No. 1:25-cv-02495-MSN-WBP |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant SMF Corporate Stores, LLC d/b/a My Salon Suite[1,2] ("My Salon Suite"), by and through its undersigned counsel and in accordance with Federal Rule of Civil Procedure 12(b)(6), hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff Atricia Slaughter's Complaint against My Salon Suite based on Ms. Slaughter's failure to state a plausible claim.

I.   INTRODUCTION

Ms. Slaughter was a commercial tenant of My Salon Suite, operating a hair salon, until My Salon Suite exercised its right to terminate Ms. Slaughter's lease on seven days' notice. My Salon Suite provided Ms. Slaughter that notice on September 12, 2023 because Ms. Slaughter repeatedly and explicitly disregarded the rules and regulations incorporated into her lease. Ms. Slaughter

---

[1] Defendant's correct name is SMF Corporate Stores, LLC d/b/a My Salon Suite as opposed to My Salon Suites as captioned in the Complaint.

[2] Ms. Slaughter identifies Tammie Woodman McNelis as a Defendant within the body of her Complaint but did not identify her in the caption of the complaint, nor was there a summons issued for or served upon her, so, legally, she is not a party to this case.

1

claims that My Salon Suite took such action because of her race in violation of 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1982 ("Section 1982"), and Title II of the Civil Rights Act of 1964 42 U.S.C. § 2000a ("Title II"). Each of Ms. Slaughter's claims fails to plausibly state a claim and should be dismissed.

Ms. Slaughter's allegations concerning each of her claims are too speculative, vague, and conclusory to establish the plausible inference that My Salon Suite terminated her lease because of Ms. Slaughter's race. Ms. Slaughter's Section 1982 and Title II claims are subject to a two-year statute of limitations – thus these claims are also time-barred because My Salon Suite terminated Ms. Slaughter's lease on September 12, 2023, but she did not file her Complaint until December 1, 2025. Finally, Ms. Slaughter's Title II claim further fails because a hair salon is not a place of public accommodation within the meaning of Title II. Thus, Title II does not apply to Ms. Slaughter's situation.

## II.     RELEVANT FACTUAL ALLEGATIONS

In support her Section 1981, Section 1982, and Title II claims, Ms. Slaughter asserts the following cursory allegations:

- Ms. Slaughter is an African American woman who was a tenant at Salon Plaza for approximately ten years before it was sold to My Salon Suite. ECF No. 1-1 at pg. 4-5.[3]

- In November 2022, the new owners of My Salon Suite conducted a walk-through inspection. Ms. Slaughter's Kiosk displayed African American photographs reflecting her cultural identity and clientele. *Id.* at 5.

---

[3] Ms. Slaughter's Complaint does not contain paragraph or page numbers. Defendant refers to the page numbers as they appear in ECF No. 1-1, using the page numbers assigned to the document as filed. For example, page one of the complaint will be referred to as ECF No. 1-1, Page 4 of 12. It also appears that the Complaint, as mailed to My Salon Suite, has pages out of order. The correct order is 4, 5, 7, 8, 6, 9, 10, 11, and 12.

- On an unidentified date following the walk-through, Ms. Slaughter returned to find that her photos were removed and placed under door. *Id.*

- On an unidentified date, Ms. Slaughter asked My Salon Suite District Manager, Tammie Woodman McNelis, why her photos were removed to which Ms. Woodman McNelis responded, "the owners are making changes." *Id.*

- Ms. Slaughter observed that no changes were made to other stylists' kiosks, only hers, which featured African American imagery. *Id.*

- On an unidentified date, Ms. Slaughter complained to Ms. Woodman McNelis about unsanitary conditions in bathrooms (including urine on the floor). Ms. Woodman McNelis told her that she "could have wiped it up herself and that the cleaning cost $125." *Id.* at 7 of 12.

- On an unidentified date, Ms. Woodman McNelis removed a help wanted sign from her door but did not remove identical signage from another tenant's door (Ms. Suong Lam). When Ms. Slaughter inquired about why her sign was removed but the other tenant's sign was not, she did not receive a "valid" explanation. *Id.*

- In August 2023, another tenant (Ms. Shawn Carter) posted an advertisement for back-to-school specials (although the Complaint fails to allege where Ms. Carter posted her advertisement). Ms. Slaughter created a similar flyer and attached it to her own door. Ms. Woodman McNelis told Ms. Slaughter to remove her flyer, but not the other tenant. The other tenant advised Ms. Slaughter to remove the sign before Ms. Woodman McNelis came to the location, which she complied with. On August 22, 2023, Ms. Woodman McNelis came to her suite and sarcastically thanked her for removing the sign. *Id.*

- Ms. Woodman McNelis repeatedly entered Ms. Slaughter's suite uninvited and disrupted

3

her work. *Id.* at 8 of 12.

- On September 12, 2023, Ms. Woodman McNelis gave Ms. Slaughter an eviction notice and told her that she had "ten days to get out." *Id.*

- On an unidentified date, Ms. Woodman McNelis declared that Ms. Slaughter "no longer fit in at Salon Plaza" and called her an "angry Black woman." *Id.*

- Other non-Black tenants who posted flyers, signs, or décor were never told they "no longer fit in" nor were they given eviction notices. *Id.*

### III.     STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, a complaint "must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" to be sufficient. *Salagh v. Virginia Int'l Univ.*, 2017 U.S. Dist. LEXIS 35808, at *7 (E.D. Va. Mar. 13, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 557). Although at this stage, the Court "accept[s] the facts alleged in the complaint as true and construe[s] them in the light most favorable to the plaintiff," *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 189 (4th Cir. 2010), the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" or "[c]onclusory allegations regarding the legal effect of the facts alleged." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *see also Painter's Mill Grill, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) ("It is now well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss.").

Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft,* 556 U.S. at 679, (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. ARGUMENT

### A. <u>Ms. Slaughter Fails to State a Claim for Race Discrimination in Violation of Section 1981 Because Her Allegations Are Too Speculative, Vague, And Conclusory to Establish That Her Lease Was Terminated Because Of Her Race.</u>

To succeed on a § 1981 claim, "a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).[4] A plaintiff must also show that the interference with a contractual interest would not have happened but for the plaintiff's race. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020). Thus, to survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, allow the court to draw a reasonable inference as to those legal requirements. *Nanendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

Here, the crux of Ms. Slaughter's complaint is her conclusion that My Salon Suites terminated her lease *because of* Ms. Slaughter's race. Ms. Slaughter's allegations fall short of plausibly showing that My Salon Suites acted with race-based discriminatory intent when it terminated her lease. Specifically, Ms. Slaughter alleges that more than a year before her lease was terminated, upon new ownership taking over and completing inspections, her photos depicting African American identity and clientele were taken down and put under her door. ECF No 1-1, p.

---

[4] Because Ms. Slaughter's entire complaint is premised on My Salon Suite terminating her lease, that lease is both referenced in and integral to the Complaint, and the Court may consider it without converting the Motion to Dismiss into a Motion for Summary Judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The last applicable lease is attached hereto at Exhibit 1.

5

5 of 12. Ms. Slaughter alleges no facts showing that the photos were taken down *because of* her race or that the taking down of her photos in any way contributed to the decision to terminate her lease ten months later.[5]

Ms. Slaughter also claims that Ms. Woodman McNelis removed and required her to take signage down from her door whereas other tenants were allowed to display similar signage. *Id.* at 7 of 12. Yet again, Ms. Slaughter fails to allege facts indicating that Ms. Woodman McNelis's purported acts were because of Ms. Slaughter's race, or that these incidents had anything to do with the decision to terminate her lease. Nor do the allegations that Ms. Woodman McNelis told Ms. Slaughter that she (Ms. Slaughter) could have cleaned up a restroom, that Ms. Woodman McNelis disrupted Ms. Slaughter's work, or told Ms. Slaughter that she (Ms. Slaughter) no longer fit in at Salon Plaza indicate that My Salon Suite would not have terminated Ms. Slaughter's lease but-for Ms. Slaughter's race. While Ms. Slaughter does claim that at some unidentified time, Ms. Woodman McNelis called Ms. Slaughter an "angry Black woman," there are no facts showing how this purported comment plausibly shows that My Salon Suite terminated Ms. Slaughter's lease because of Ms. Slaughter's race.[6]

Ms. Slaughter's speculative, vague, and conclusory allegations are exactly the kind that the Fourth Circuit has said should be dismissed. *See, e.g., Nanendla v. WakeMed*, 24 F.4th 299, 306

---

[5] Indeed, Ms. Slaughter's lease specifically prohibited her from placing signs on her door. *See* Ex. 1, Rules and Regulations 12: "Signs: No signs, posters, advertisements, or notices shall be painted or affixed on any windows or doors of individual suites."

[6] It appears that Ms. Slaughter is referring to a text exchange she had with Ms. Woodman McNelis in April 2023, in which it is Ms. Slaughter that tells Ms. Woodman McNelis that she (Ms. Slaughter) believes that "everyone thinks We are the 'ANGRY BLACK WOMEN.'" Ms. Woodman McNelis responded with "I do not think you are an 'Angry Black Woman'. I think you are just angry." Exhibit 2, pp. 2-3. Ms. Slaughter likely includes this allegation to imply racial animus – but such an inference is not warranted given the actual conversation.


(4th Cir. 2022) (affirming dismissal of a Section 1981 claim where the plaintiff failed to allege that the actions taken by the defendant were because of the plaintiff's race); *Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 394 (4th Cir. 2021) (affirming dismissal of a § 1981 complaint because it alleged only facts supporting "that [the plaintiff] was treated differently, not that she was treated differently because of her race"). *See also Hewlett v. Permanent Gen. Assurance Corp.*, Civil Action No. 3:15-cv-553-JAG, 2016 U.S. Dist. LEXIS 94920, at *5 (E.D. Va. July 20, 2016) ("While [the plaintiff] does establish that she belongs to a racial minority group and that the alleged discrimination involved contractual relationships, she fails to plead sufficient facts giving rise to the conclusion that the defendants intended to discriminate against her).

Accordingly, because Ms. Slaughter fails to allege facts showing that her race was the but-for cause for My Salon Suite terminating Ms. Slaughter's lease, the Court should dismiss the Section 1981 claim.

**B. Ms. Slaughter's Section 1982 Claim Is Untimely and Fails to Plausibly Show That My Salon Suite Terminated Her Lease Because of Her Race.**

Section 1982 provides that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To succeed on a Section 1982 claim, "a plaintiff must demonstrate that defendant impeded or restricted the use of his or her property on the basis of their race." *Frazier v. Cooke*, No. 4:17-cv-54, 2017 U.S. Dist. LEXIS 190896, at *16 (E.D. Va. Nov. 16, 2017) (citing *Bradley v. Carydale Enter.*, 730 F. Supp. 709, 717 (E.D. Va. 1989)). Section 1982 claims are subject to a two-year statute of limitations period. *Gilder v. Charlie Daniels Racing*, LLC, No. 2:24cv217, 2025 U.S. Dist. LEXIS 75367, at *12 (E.D. Va. Mar. 7, 2025) (citing *Allen v. Gifford*, 462 F.2d 615, 615 (4th Cir. 1972) and *Turner v. A.B. Carter, Inc.*, 85 F.R.D. 360, 365 n.6 (E.D. Va. 1980)).

At the outset, Ms. Slaughter's Section 1982 claim is time barred. Ms. Slaughter claims that My Salon Suite terminated the lease agreement on September 12, 2023, and evicted her. Ms. Slaughter did not file her Complaint until December 1, 2025, more than two years after the lease termination. And like her Section 1981 claim, the Complaint as a whole fails to plausibly allege that My Salon Suite terminated the lease based on Ms. Slaughter's race.

Accordingly, the Court should dismiss Ms. Slaughter's Section 1982 claim.

### C. Ms. Slaughter's Title II Claim Fails Because It Is Untimely, Defendant is Not a Place of Public Accommodation, and Ms. Slaughter Fails to Plausibly Show That She Was Treated Less Favorably Than Those Outside Her Protected Class.

Title II prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. 42 U.S.C. § 2000a. The statute defines "places of public accommodation" as follows:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

*Id.*

To establish a prima facie case of a Title II public accommodation violation, a plaintiff must allege facts showing that she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those

8

benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. *Taylor v. Royal Ahold NV*, 2017 U.S. Dist. LEXIS 9143, 2017 WL 377935, at *1 (E.D. Va. Jan. 23, 2017).[7] Like Section 1981, Title II claims are also subject to a two-year statute of limitations. *See Townsend v. Cty. of Accomack*, No. 2:12cv305, 2013 U.S. Dist. LEXIS 143393, at *6-7 (E.D. Va. Apr. 29, 2013); *Brown v. Loudoun Golf & Country Club. Inc.*, 573 F. Supp. 399 (E.D. Va. 1983). Ms. Slaughter's Title II claim fails for several reasons.

First, Ms. Slaughter's Title II claim is time-barred. As noted above, My Salon Suite terminated Ms. Slaughter's lease on September 12, 2023, but Ms. Slaughter waited until December 1, 2025 to file her complaint. Because a Title II claim must be filed within two years after the alleged discriminatory act, Ms. Slaughters claim is beyond the limitations period.

Second, My Salon Suite is not a place of public accommodation under Title II. My Salon Suite is a salon complex that rents individual rooms to professionals for them to operate their businesses out of. "[District] [c]ourts have uniformly rejected the invitation to expand Title II['s] 'public accommodation' definition to include establishments beyond those specifically listed in Section 2000a(b)." *Jarvis v. Wells Fargo Bank*, N.A., No. DLB-21-687, 2022 U.S. Dist. LEXIS 93833, at *7 (D. Md. May 25, 2022) (citing *Pullins v. Bank*, No. 19-00006, 2020 U.S. Dist. LEXIS 51687, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020)). The Fourth Circuit has also held that salons are not places of public accommodation subject to Title II. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 433 (4th Cir. 2006).[8] This Court regularly dismisses Title II claims

---

[7] "The elements of a § 2000a claim mirror those of a § 1981 claim, and courts regularly apply the same analysis when deciding claims made under either section." *Law v. Hilton Domestic Operating, Co.*, 2020 U.S. Dist. LEXIS 228423, 2020 WL 7130785, at *8 (E.D. Va. Dec. 4, 2020).

[8] While Ms. Slaughter's claims are not against a particular salon but against an entity that operates various suites leased out to salons, the same logic that the *Denny* court used to dismiss a

brought against entities that are not places of public accommodation, and the same should be done here. *See, e.g., Xuli Zhang v. Ross Store, Inc.*, No. 1:10cv1328, 2011 U.S. Dist. LEXIS 155505, at *10 (E.D. Va. May 17, 2011) (dismissing Title II claim against a clothing retail store because such an entity is not listed in Title II); *Davis v. Food Lion, LLC*, No. 4:23cv147, 2024 U.S. Dist. LEXIS 140641, at *6-10 (E.D. Va. July 23, 2024) (dismissing Title II claim against a grocery store because such an entity is not listed in Title II).

Finally, Ms. Slaughter's Title II claim also fails for the same reason that her Section 1981 and Section 1982 claims fail. Ms. Slaughter's allegations are too speculative, vague, and conclusory to plausibly establish that she was treated less favorably than those outside of her protected class because of her race. To be sure, Ms. Slaughter does not identify any specific other tenant as being outside of her protected class and who she alleges was treated more favorably than her under similar situations.

Accordingly, the Court should dismiss Ms. Slaughter's Title II claim with prejudice.

## V. CONCLUSION

For these reasons, My Salon Suite requests that the Court dismiss Ms. Slaughter's Complaint in its entirety because she fails to plead sufficient facts to state a claim against My Salon Suite.

Date: January 6, 2026                                     Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Nigel Wilkinson*
Nigel Wilkinson (Virginia Bar 46500)
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191

---

Title II claim against a solon applies here. Specifically, hair salons are not listed in Title II as being a place of public accommodation – and neither are entities that lease out space for hair salons.

            (703) 483-8300 (Telephone)
            (703) 483-8301 (Facsimile)
            Nigel.Wilkinson@jacksonlewis.com

            ***Counsel for SMF Corporate Stores, LLC***
            ***d/b/a My Salon Suite***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, a true and correct copy of the foregoing *Memorandum in Support of Motion to Dismiss* was electronically filed via the court's ECF and served via email and first-class mail, postage prepaid, on:

    Atricia A. Slaughter
    2323 Dulles Station Blvd. No. 338
    Herndon, VA, 20171
    heyidohair@aol.com

    *Plaintiff pro se*

    */s/ Nigel Wilkinson*
    Nigel Wilkinson (Virginia Bar 46500)
    11790 Sunrise Valley Drive, Suite 400
    Reston, Virginia 20191
    (703) 483-8300 (Telephone)
    (703) 483-8301 (Facsimile)
    Nigel.Wilkinson@jacksonlewis.com

    ***Counsel for SMF Corporate Stores, LLC d/b/a My Salon Suite***